IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DOUGLAS RAY SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>PIPELINERS OF PUERTO RICO, INC. AND ERICK J. RODRÍGUEZ,<br><br>Defendants. | CIVIL NO.  09-1498<br><br>RE    BREACH OF CONTRACT, TORTS<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

TO THE HONORABLE COURT:

The plaintiff through the undersigned attorney respectfully alleges and prays as follows:

### I.
### JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C.§1332 since the plaintiff is a citizen of the state of California and the defendants, a natural person and a corporation organized pursuant to the laws of Puerto Rico with a principal place of business in Puerto Rico, are citizens of the Commonwealth of Puerto Rico. In addition, the amount in controversy exceeds $75,000.00 excluding interests and costs.

Venues lies in this District since the facts pertaining to this action took place in the Commonwealth of Puerto Rico.

Trial by jury is hereby demanded.

### II.
### THE PARTIES

1.    Plaintiff Douglas Ray Sanders is a resident of the State of California and a citizen of the United States of America.

NIGAGLIONI
+FERRAIUOLI
P. O. Box 195384
San Juan, PR 00919-5384
787.765.9966
787.751.2520

2.     Defendant Pipeliners of Puerto Rico, Inc. ("Pipeliners) is a corporation organized pursuant to the laws of the Commonwealth of Puerto Rico with local offices located at 405 San Francisco Street, Piso de Don Juan, Suite 4A, San Juan, Puerto Rico 00901.

3.     At all relevant times, Douglas Ray Sanders was an employee of Pipeliners and/or its predecessors in interest.

4.     Erick J. Rodríguez (Rodríguez) is a natural person and a citizen of the Commonwealth of Puerto Rico.

### III.
### THE FACTS

5.     On September 15, 2007 an employment contract was perfected between plaintiff, Douglas Ray Sanders and Pipeliners of Puerto Rico, Inc. whereby Sanders became Executive Vice-President of Pipeliners of Puerto Rico, Inc. A copy of said agreement is attached hereto as **Exhibit A**.

6.     Sanders was recruited by Pipeliners on the basis of his experience in the construction industry and the management ability to administer large construction jobs.

7.     Pursuant to said employment contract, Sanders was guaranteed a yearly performance bonus, as determined by the Board of Directors based on the company's financial performance excluding the Ponce project, which historically aggregates five percent (5%) of the net profits of the company; and additional bonuses yearly to recognize any additional performance.

8.     Independently of the aforestated bonuses Sanders would receive a five percent (5%) fixed bonus of the net profits obtained in the Ponce project.

9.     In addition to the aforestated, Sanders was to be allowed to purchase five percent (5%) of the company's Class A common stock at ten percent (10%) of its fair market

NIGAGLIONI
+FERRAIUOLI
P. O. Box 195384
San Juan, PR 00919-5384
787.765.9966
787.751.2520

-2-

value which became vested after one year of satisfactory service to the company. The company was obliged to fudn the purchase.

10. Moreover, pursuant to the contract, Sanders was guaranteed a six (6) months severance pay if the employment contract was terminated without cause which severance payment and COBRA benefits for Sander family would be paid in regular pay periods for the six (6) months following said termination without cause.

11. Independently of the above written commitments that are contained in the employment contract, co-defendant Rodríguez assured Sanders that if the employment contract did not extend the 3-5 years that the portion visualized he would buy the house that Sanders acquired in Puerto Rico.

12. Co-defendant Rodríguez slandered Sanders by publicly stating that Sanders had defrauded the company by agreeing to buy resin, exposy, other materials and services for the jobs at a high price because Sanders was getting a "kickback" from the suppliers.

13. Besides performing his job, Sanders paid suppliers of materials for the company's projects an amount in excess of $500,000 of which $116,406 remain unpaid.

14. On November 30, 2008 Sanders' contract was terminated without cause when the Ponce contract was substantially complete.

15. At the time of his termination, Sanders was not paid the bonuses to which he was entitled, was not paid the agreed to severance pay, the stock purchase agreement was not honored; and co-defendant Rodríguez did not honor his commitment to Sanders to buy back the house that Sanders bought in Ponce.

## IV.
### FIRST CAUSE OF ACTION
### Breach of Contract by Pipeliners

16. The allegations contained in the first fifteen (15) paragraphs of the complaint are incorporated herein by reference.

NIGAGLIONI
+FERRAIUOLI
P. O. Box 195384
San Juan, PR 00919-5384
787.765.9966
787.751.2520

-3-

17. Pipeliners' failure to pay the bonuses, the agreed to severance pay, and its failure to honor the stock purchase agreement are all independent breaches of contract actionable pursuant to the laws of Puerto Rico.

18. It is estimated that as a result of said breaches of contract Sanders suffered damages in the amount of not less than $650,000.00 excluding the payment of interest.

## V.
## SECOND CAUSE OF ACTION
## Breach of Contract by Rodríguez

19. The allegations contained in the first fifteen (15) paragraphs of the complaint are incorporated herein by reference.

20. Rodríguez' refusal to honor the oral agreement to buy Sanders' house in Ponce upon the early termination of the employment contract between Sanders and Pipeliners constitutes a breach of contract by Rodríguez.

21. Pursuant to the laws of Puerto Rico, Sanders has an entitlement to request a writ of specific performance and damages on account of such breach of contract. Said damages consist of the amount paid by Sanders in monthly mortgage payments after December 1st, 2008 until the house is actually sold.

## VI.
## THIRD CAUSE OF ACTION
## Torts

22. The allegations contained in the first fifteen (15) paragraphs of the complaint are incorporated herein by reference.

23. Rodríguez' statements to third parties that Sanders defrauded Pipeliners and accepted kickbacks when purchasing supplies for Pipeliners jobs constitutes a slander pursuant to the laws of Puerto Rico.

24. As a result of said slander, Sanders has suffered damages to his good name and reputation and emotional distress. Such damages are estimated to amount to $100,000.00.

NIGAGLIONI
+FERRAIUOLI
P. O. Box 195384
San Juan, PR 00919-5384
787.765.9966
787.751.2520

## VII.
## FOURTH CAUSE OF ACTION
### Payment of Materials Supplied and Paid by Sanders in Pipeliners' Jobs

25. The allegations contained in the first fifteen (15) paragraphs of the complaint are incorporated herein by reference.

26. Pursuant to the laws of Puerto Rico, Sanders has an entitlement to be paid for the $116,406.33 supplied by him to purchase materials and supplies that were incorporated to Pipeliners' projects.

27. In addition to the aforestated, Sanders has an entitlement to receive the payment of interest from the time he provided the funds to pay for said materials and suppliers.

WHEREFORE, it is respectfully requested that Pipeliners and Rodríguez be condemned to pay the amounts and damages requested in counts IV through VII of this complaint. Moreover, it is requested that defendants be directed to pay reasonable attorney fees, costs and interests as provided for in the laws of Puerto Rico.

Respectfully submitted.

In San Juan, Puerto Rico, this 2nd day of June, 2009.

s/ *Rubén T. Nigaglioni*
Rubén T. Nigaglioni
UDSC-PR No. 119901
ruben@nf-legal.com

**NIGAGLIONI + FERRAIUOLI**
Attorneys for DOUGLAS RAY SANDERS
P. O. Box 195384
San Juan, Puerto Rico 00919-5384
Telephone:  (787)765-9966
Telefax:       (787)751-2520
*notices@nf-legal.com*

NIGAGLIONI + FERRAIUOLI
P. O. Box 195384
San Juan, PR 00919-5384
787.765.9966
787.751.2520