# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DOUGLAS RAY SANDERS.** **PLAINTIFF,** vs. **PIPELINERS OF PUERTO RICO, INC. AND ERICK RODRIGUEZ** **DEFENDANTS.** | **CIVIL NO.: 09-1498 (DRD)** **Re: BREACH OF CONTRACT; TORTS** |

## ANSWER TO THE COMPLAINT AND COUNTERCLAIM

**TO THE HONORABLE COURT:**

**COME NOW,** Defendants Pipeliners of Puerto Rico, Inc. ("Pipeliners") and Erick Rodríguez, through the undersigned counsel, and respectfully STATES and PRAYS:

**I. JURISDICTION**

1. The jurisdictional averments of the Complaint are admitted upon information and belief.

**II. THE PARTIES**

2. The averments of paragraph number one (1) of the Complaint are admitted upon information and belief.

3. The averments of paragraph number two (2) of the Complaint are admitted.

4. The averments of paragraph number three (3) of the Complaint are denied as drafted.

5. The averments of paragraph number four (4) of the Complaint are admitted.

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als.    2
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

### III. FACTS

6. The averments of paragraph number five (5) of the Complaint are admitted.

7. The averments of paragraph number six (6) of the Complaint are denied as drafted. Defendants affirmatively aver that Mr. Sanders had prior experience in trenchless sewer cleaning projects. Defendants affirmatively aver that Mr. Sander's performance during his employment with Pipeliners did not meet the "satisfactorily employment service" criteria of the employment contract, nor the expectations of the Company, nor the representations made by Planitiff as to his ability and managerial knowledge. Defendants further affirmatively aver that Mr. Sanders was also an officer of Pipeliners, holding the title of Vice-President.

8. The averments of paragraph number seven (7) of the Complaint are denied. According to the terms of Mr. Sanders' agreement with Pipeliners the yearly bonus was not guaranteed but instead was contingent upon the Company's financial performance as determined by the Board of Directors.

9. The averments of paragraph number eight (8) of the Complaint are denied as drafted. Mr. Sanders' agreement with Pipeliners included a special bonus equal to five percent (5%) of the net profits of the Ponce project. Defendants affirmatively aver that Plaintiff is not entitled to this special bonus due to his failure to adequately and completely supervise the Ponce Project. The problems created by Plaintiff in the Ponce project reached the point where Puerto Rico Aqueduct and Sewer Authority ("PRASA") requested that Plaintiff be excluded from project meetings. Defendants further affirmatively aver that a final accounting of the Ponce Project has not been completed nor has Pipeliners collected all

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als. 3
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

amounts due for said project. Hence, any claim for profits in said project is premature and not ripe.

10. The averments of paragraph number nine (9) of the Complaint are denied as drafted. Plaintiff's agreement states that the parties would enter into an Employee Stock Option Plan, which was never executed. The agreement mentions certain parameters for the acquisition of shares by Plaintiff, subject to certain conditions including the completion of one year of "satisfactorily employment service". The conditions set forth for the potential purchase of common stock by Plaintiff were not met. Furthermore, the Company did not authorize the sale of stock to Plaintiff, which was informed to him.

11. The averments of paragraph number ten (10) of the Complaint are denied as drafted. Pipeliners had sufficient cause to terminate Plaintiff's agreement in light of his lack of "satisfactorily employment service" performance.

12. The averments of paragraph number eleven (11) of the Complaint are denied.

13. The averments of paragraph number twelve (12) of the Complaint are denied.

14. The averments of paragraph number thirteen (13) of the Complaint are denied as drafted. Plaintiff paid for certain materials using his credit card, despite Defendants' objections and specific requests to refrain from to said practice. All amounts paid by Plaintiff for materials have been paid in full through cash and/or promissory note.

15. The averments of paragraph number fourteen (14) of the Complaint are denied as drafted. Co-defendant Pipeliners had sufficient cause to terminate Plaintiff's employment agreement in light of his lack of "satisfactorily employment service" performance. Defendants affirmatively aver that a final accounting of the Ponce Project has

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als.
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

4

not been completed nor has Pipeliners collected all amounts due for said project. Hence, any claim for profits in said project is premature and not ripe.

16. The averments of paragraph number fifteen (15) of the Complaint are denied as drafted. Plaintiff's rights and/or entitlements as to the alleged claims and particular contractual concepts are based on conclusions of law not requiring an answer at this time.

17. The averments of paragraph number sixteen (16) of the Complaint do not require a response from Defendants. In any event, Defendants incorporate by reference as if fully set forth herein the allegations of the preceding paragraphs numbers one (1) through sixteen (16).

18. The averments of paragraph seventeen (17) of the Complaint are denied. See also answer to paragraph fifteen (15) incorporated herein by reference.

19. The averments of paragraph eighteen (18) of the Complaint are denied.

20. The averments of paragraph number nineteen (19) of the Complaint do not require a response from Defendants. In any event, Defendants incorporate by reference as if fully set forth herein the allegations of the preceding paragraphs numbers one (1) through nineteen (19).

21. The averments of paragraph twenty (20) of the Complaint are denied. Defendants affirmatively aver that no oral agreement or contract ever existed to purchase the home of Plaintiff.

22. The averments of paragraph twenty-one (21) of the Complaint are denied.

23. The averments of paragraph number twenty-two (22) of the Complaint do not require a response from Defendants. In any event, Defendants incorporate by reference as if

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als.
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim
5

fully set forth herein the allegations of the preceding paragraphs numbers one (1) through twenty-two (22).

24. The averments of paragraph twenty-three (23) of the Complaint are denied.

25. The averments of paragraph twenty-four (24) of the Complaint are denied.

26. The averments of paragraph number twenty-five (25) of the Complaint do not require a response from Defendants. In any event, Defendants incorporate by reference as if fully set forth herein the allegations of the preceding paragraphs numbers one (1) through twenty-five (25).

27. The averments of paragraph twenty-six (26) of the Complaint are denied.

28. The averments of paragraph twenty-seven (27) of the Complaint are denied.

29. Any averment of the Complaint that is not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff employment with Co-defendant Pipleiners was terminated for cause due to his lack of satisfactory performance.

3. Pipeliners was entitled as a matter of law to withhold, reduce or terminate payments to Plaintiff all together under doctrines of *exceptio non adimpleti contractus* and *exceptio non rite adimpleti contractus*.

4. Plaintiff's breach, actions and omissions have caused Pipeliners damages greater than the amounts claimed in the Complaint.

5. The amounts claimed by Plaintiff are not liquid, nor due or payable

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als.                                          6
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

6. The amounts claimed in the Complaint have been paid in full in accordance with the contractual rights and obligations of each party.

7. Estoppel and laches bar Plaintiff's Complaint.

8. Plaintiff has unclean hands or is barred by its own actions and/or omissions.

9. Plaintiff has acted in Bad Faith.

10. Plaintiff is pursuing inappropriate and unwarranted claims based on mistaken interpretations of the applicable contract.

11. Plaintiff has not suffered any damages.

12. The damages claimed in the Complaint are exaggerated and speculative in nature.

13. In any event, Plaintiff's claims are discretionary, premature and/or not ripe.

14. Plaintiff failed to meet the "satisfactorily employment service" criteria.

15. Plaintiff settled some or all of its claims.

16. Plaintiff breached its fiduciary duties to Pipeliners.

## COUNTERCLAIM

### NATURE OF THE ACTION

1. This is an action seeking redress for damages arising from Plaintiff's acts, breaches and omissions towards Co-defendant, The Pipeliners of Puerto Rico, Inc. ("Pipeliners").

### JURISDICTION OF THIS HONORABLE COURT

2. Federal jurisdiction is invoked under the provisions 28 U.S.C §1332, governing diversity jurisdiction, for this action involves parties that are citizens of different

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als.    7
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

states and a party that is a citizen or subject of a foreign state, and the amount in controversy exceeds $75,000.00.

3. Jurisdiction is further invoked under the principles of supplemental jurisdiction as set forth in 28 U.S.C. §1367.

## THE PARTIES

4. Defendant Pipeliners is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, and with principal place of business in San Juan, Puerto Rico.

5. Plaintiff, Douglas Ray Sanders ("Sanders") is of legal age and, upon information and belief a resident of the State of California.

## FACTS COMMON TO ALL CALIMS

6. Co-defendant Pipeliners is in the business of repairing and rehabilitating aqueduct and sanitary lines principally using trenchless methods.

7. Plaintiff Sanders had prior experience in trenchless sewer cleaning projects and prior to joining Pipeliners, Mr. Sanders represented that he had ample knowledge, as well as, supervisory and managerial skills to handle complex trenchless sewer cleaning projects.

8. Based on these representations, Pipeliners extended Sanders an offer to join the company in Puerto Rico. On or about September 2007, Sanders joined Pipeliners' management team and, from the outset, he occupied the position of Vice-President in charge of operations.

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als.                                             8
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

9. As part of his duties, Sanders was responsible for the general management and supervision of all operations undertaken by Pipeliners in Puerto Rico. Sanders was further entrusted with the reorganization of Pipeliners' operations department.

10. As part of his agreement with Pipeliners, Sanders was offered a special bonus equal to five percent (5%) of the net profits of a project known as the Ponce Project.

11. This special bonus offered as an incentive to Sanders had a decided adverse effect: Mr. Sanders concentrated his efforts on the Ponce Project (pursuing his own economic benefit), while he neglected the remaining projects scarcely and half-heartedly managing and/or supervising the same. This had a detrimental effect on the operations and results of Pipeliners.

12. Specifically, Sanders failed to satisfactorily perform any effective management or supervisory duties with regards to a major project awarded to Pipeliners by PRASA known as the "Miramar Project". Sanders' refusal to deal with the Miramar Project was so deep-rooted that he even failed to schedule the commencement of work and to adequately staff that project. When questioned by other members of Pipeliners' management team what he intended to do to timely complete the Miramar Project, Sanders simply stated that he would do "nothing".

13. Sanders' refusal to actively manage the Miramar Project from the outset allowed for the escalation of multiple problems encountered in said project, including without limitation, problems with costing, completion time, as well as scheduling problems in general. As a result, Pipeliners suffered substantial damages, including without limitation, increased project costs and cost overruns, delays in project completion, and the imposition of liquidated damages.

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als. 9
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

14. Moreover, during his tenure at Pipeliners, Sanders made questionable inventory decisions and purchases that led to excess inventories and increased costs to Pipeliners.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

15. Defendant realleges as if fully set forth herein, paragraphs 1 through 14 of the Counterclaim.

16. Plaintiff Doug Sanders breached and failed to adequately perform under the Agreement existing between him and Pipeliners, also failing to meet its good faith duties towards Counterclaimant Pipeliners.

17. As more specifically set forth above, Plaintiff's breaches, actions and/or omissions constituting breach of contract include the following:

   a. Plaintiff Sanders failed to satisfactorily manage or supervise the sewer cleaning projects undertaken by Pipeliners.

   b. Plaintiff Sanders made adverse inventory decisions that were reckless and detrimental to Pipeliners.

   c. Plaintiff Sanders mismanaged and caused Pipeliners to incur higher and unnecessary costs as well as to unnecessarily spend in excess materials.

18. In general, Sanders failed to display at Pipeliners the knowledge, expertise and managerial skills necessary to handle complex trenchless sewer cleaning projects as represented to Pipeliners. To the contrary, Mr. Sanders failed to meet expectations and to satisfactorily perform his duties at Pipeliners.

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als. 10
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

19. In light of the instances of breach of contract set forth above, Pipeliners is entitled to recover from Mr. Sanders the damages suffered by Pipeliners arising from said acts of breach of contract.

20. As a result of the breaches, actions and omissions of Mr. Sanders, Pipeliners suffered extensive damages, including without limitation, damages for the following concept, increase in project costs, lost profits, and a realized loss in the Miramar Project.

21. At this time Plaintiff cannot fully ascertain the amount of damages it has suffered due to the aforestated instances of breach of contract, but reasonably estimates its damages in the amount of $750,000.00.

## COUNT II
### (Breach of Fiduciary Duty)

22. Defendant realleges as if fully set forth herein, paragraphs 1 through 21 of the Counterclaim.

23. Plaintiff failed to salvage the best interest of Pipeliners while acting as its Vice-President in charge of operations. Instead, Plaintiff emphasized and pursued his own personal interest by concentrating on the Ponce Project, where he would get additional compensation, while totally neglecting the Miramar Project.

24. Plaintiff's failure to address other important Pipeliners projects under his supervision makes him liable for breach of fiduciary duty, as he pursued his own personal interest over the common good of the corporation he was entrusted to manage.

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als. 11
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

25. Plaintiff's breach of fiduciary duty caused Pipeliners damages, including without limitation, damages for the following concept, increase in project costs, lost profits, and a realized loss in the Miramar Project, estimated in no less than $750,000.00.

WHEREFORE, Pipeliners prays that the Honorable Court enter a judgment as follows:

1. Dismissing the Complaint and granting Pipeliners costs, fees and attorney's fees;

2. Awarding the payment for contractual damages to Pipeliners in an amount no less than $750,000.00;

3. Awarding the payment for breach of fiduciary duty damages to Pipeliners in an amount no less than $750,000.00.

RESPECTFULLY SUBMITTED.

WE HEREBY CERTIFY that on this date, a true an exact copy of the foregoing document has been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 31st day of July, 2009.

DE GUZMAN LAW OFFICES
Counsel for Defendants

P.O. Box 362738
San Juan, PR 00936-2738
Tel: (787) 756-2765
Fax: (787) 756-4024
E-mail: gdeguzman@dgglawpr.com


/s/ GUILLERMO F. DE GUZMAN
Guillermo F. De Guzmán
USDC NO.: 201309

Doug Ray Sanders.. v. Pipeliners of Puerto Rico, Inc., et als.
Civil Case No. 09-1498 (DRD)
Answer to the Complaint and Counterclaim

12

/s/ JOSE W. VAZQUEZ MATOS
José W. Vázquez Matos
USDC NO.: 211413